```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Cynthia Holmes, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Granuaile LLC; James P. Walsh, )<br>individually and as related to Granuaile )<br>LLC; and L. Walsh, individually and as )<br>related to Granuaile LLC, )<br>)<br>        Defendants. )<br>_____) | Civil Action No. 2:16-3969-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff's pro se amended complaint asserting several state law claims against the named Defendants. Defendants filed a motion for summary judgment on June 19, 2018, and the matter was referred to a United States Magistrate Judge for initial review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On October 31, 2018, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion for summary judgment based on Plaintiff's failure to present evidence sufficient to create a genuine issue of material fact as to her claims.

Attached to the Report was a notice advising Plaintiff of her right to file specific, written objections to the Report within fourteen days after being served with a copy of the Report. Pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, the date of service is the date the Report was mailed to Plaintiff. A party receives three additional days to file objections if served by mail or otherwise allowed under Rule 6 of the Federal Rules

of Civil Procedure. Here, adding three days of mail time, and taking into account weekend days, Plaintiff needed to file her objections on or before Monday, November 19, 2018.[1] However, Plaintiff did not file her objections with the Court until November 26, 2018, and therefore, the Court finds Plaintiff's objections untimely.[2]

"[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); *see also Wells v. Shriner Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997) (noting that the timely filing of objections to a magistrate judge's report and recommendation is necessary to preserve appellate review of the substance of the recommendation when the parties have been warned of the consequence of noncompliance), *and Darby v. South Carolina*, 355 F. App'x 751 (4th Cir. Dec. 11, 2009) ("The district court was under no obligation to consider Darby's objections because they were untimely.").

The Court has reviewed the record and the applicable law and finds no clear error

---

[1] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Court excludes the date of mailing, October 31, 2018, and counts every day including intermediate Saturdays and Sundays, and because fourteen days, plus three additional days allowed for service by mail, ended on Saturday, November 17, 2018, the period continued to run until the end of Monday, November 19, 2018.

[2] In their response to Plaintiff's late objections, Defendants point out their untimeliness. Thereafter, Plaintiff filed an affidavit stating that she served Defendants with her objections on November 19, 2018, as indicated by the certificate of service filed with her objections; however, even if Plaintiff did serve her objections on Defendants in a timely manner, this does not cure her failure to timely file her objections with the Court.

on the face of the record.[3] In all, the Court agrees with the Magistrate Judge that this action is entitled to summary judgment because Plaintiff has failed to present any evidence sufficient to create a genuine issue of material fact as to her claims: (a) that the construction of the driveway on the neighboring property caused an unreasonable interference with Plaintiff's use and enjoyment of her property; (b) that the Defendants were negligent in the construction of the driveway; (c) that the construction of the driveway resulted in an unlawful trespass by Defendants onto Plaintiff's property; or (d) that the construction of the driveway unjustly enriched Defendants by causing a reduction in the value of her property. The Magistrate Judge thoroughly reviewed the evidence of record, noting that Plaintiff's own expert testimony does not provide sufficient evidence to create a genuine issue of material fact as to Plaintiff's claims and that the documentary evidence contradicts Plaintiff's assertions in her affidavits that Defendants acted in contravention of the permits and approvals they received to construct the driveway. As the Magistrate Judge explained, Plaintiff cannot defeat summary judgment by making conclusory, unsupported allegations.

Ultimately, because the Court agrees with the Magistrate Judge that Plaintiff has failed to present evidence sufficient to create a genuine issue of material fact as to her claims, the Court hereby **adopts and specifically incorporates** herein the Magistrate Judge's Report (ECF No. 124) and **grants** Defendants' motion for summary judgment (ECF No. 100).

---

[3] In addition, the Court notes that even if it were to conduct a *de novo* review of those portions of the Magistrate Judge's Report to which Plaintiff objects, it would still affirm the Magistrate Judge's decision. Plaintiff's objections do not provide any basis, either factual or legal, to deviate from the Magistrate Judge's extremely thorough analysis; instead, Plaintiff merely rehashes the same arguments already considered and properly rejected by the Magistrate Judge.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

January 29, 2019
Charleston, South Carolina